Curia, per Evans, J.
By the 7th sec. of the Act of 1839, the Sheriff is required to keep and turn over to his successor, a sale book, in which, among things, he is required to enter, in a column to be provided for that purpose, the names of the purchasers of any property sold by him ; and by the 49th sec. of the same Act, it is enacted that no sheriff or deputy sheriff shall be concerned or interested, directly or indirectly, in the purchase of any property sold by either of them officially, and if any such sheriff or sheriff’s deputy shall be concerned or interested in any such purchase, at any such sale made by either of them, he shall, on conviction thereof, by indictment, *295 be deprived of bis office, and shall be liable to be fined and imprisoned, at the discretion of the Court, and such shall be null and void.
If Langford had been the purchaser in fact, then no title ever vested in him, because, according to his own account,. he never paid the money, and of course there was no sale,, and the resale^ if made consistent with the rules of law, should be regarded as a sale at his risk, and because he had not paid. But if, as I presume was the fact, Mulligan was the purchaser indirectly through Langford as his agent, then such purchase was void by the clause of the Act above recited, and if void, no title ever vested in Mulligan upon which Brown’s execution could attach. It may well be that in a controversy between Mulligan and his creditors, a case might arise in which he might be estopped from saying the title was not in him. But in a case involving the rights of third persons, I do not see how any title can be supported which is traced through a purchase made by a sheriff in violation of law, and which is declared expressly to be null and void. That is Brown’s condition. If Mulligan’s purchase be null and void, no title vested in him, and unless a legal title vested in him, then there was no lien of Brown’s execution.— Lewis was in possession ; that was prima facie evidence of title, and no one had a right to dispossess him but the rightful owner, or one having a better title. It may be, if Lewis had not had possession and could make out in himself no other title than what he could trace through Mulligan as a vender, and not as sheriff, he could not recover, because he would have to trace his title, as Brown has, through the same void sale ; but that is not his condition, he stands on other ground. It is clear Langford did not buy the negro. He did not pay the money ; it is equally clear that Mulligan did not buy, because the law prohibited him. The negro remained, therefore, in Mulligan’s hands, unsold, as the property of Ferguson; under these circumstances Mulligan did sell.— His deputy, Buckner, said he sold as sheriff, and at a regular sale day, and if this was clearly proved, I think there could be no doubt about Lewis’ title. But it is likely, from the evidence, that Buckner was mistaken as to the day, and that the sale, in fact, was on the 2d Monday, and not on the first, ■ as required by law; and hence it is objected, that the sale cannot be referred to Mulligan’s character as sheriff. But this is a mistake ; there are many of the prerequisites of a sheriff’s sale, that are merely directory, and will not vitiate the sale, as omission to advertise in a gazette. All these prerequisites of the sale, such as advertising a certain time, and selling at particular places and times, are required for the benefit of those interested, to prevent frauds and ensure a fair sale. But has it ever been doubted that these may be *296 dispensed with, if all in interest assent 1 Do we not know that by arrangement between the parties, the sheriff sells property on a credit, and without complying with all the requirements of the statutes regulating sheriff’s sales ? The reason is as above stated, that these are required for the benefit of those interested in the sale, and to prevent frauds by secret and irregular sales. It follows that no one but Ferguson and his creditors have a right to object. In every view in which this case has-been presented to my mind, Lewis’ title to the negro is good, as against Brown’s execution, which had no lien, unless,a legal title vested in Mulligan by a purchase which the law declares absolutely void.
The motion for a new trial is therefore dismissed.
Richardson, O’Neall, Wardlaw and Frost, JJ. concurred.

Motion refused.